FILED
2013 Jul-08  AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MARK E. BENNICK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-13-S-1154-NE |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mark E. Bennick, proceeding *pro se*, alleges that defendant, The Boeing Company, terminated his employment on May 21, 2007 on the basis of his disability.[1]  Plaintiff asserts claims for violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201 *et seq.* ("ADA"), and for breach of his employment agreement.[2]

Plaintiff commenced this action in the Circuit Court of Madison County, Alabama.[3]  Defendant removed the action to the Northern District of Alabama pursuant to 28 U.S.C. §§ 1441(c) and 1367(a), because plaintiff's ADA claim arises under the laws of the United States, and his breach of contract claim is so related to

---

[1] Doc. no. 1-1 (Complaint), at 3.  Plaintiff's complaint is not written in numbered paragraphs. Accordingly, this court will cite to page numbers, not paragraph numbers.

[2] *Id.* at 4-9

[3] *Id.* at 1

his ADA claim that they form part of the same case or controversy.[4]

This matter is before the court on defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[5]   Upon consideration, this court will grant the motion.

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).   That rule must be read together with Rule 8(a), which requires that a

---

[4] Doc. no. 1 (Notice of Removal), at 2.  Section 1441(c)(1)(A)-(B) provides that if a civil action includes

> (A)    a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331]), and

> (B)    a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c)(1) (alteration in original).

Section 1367(a) states that:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

[5] Doc. no. 5 (Motion to Dismiss), at 1.

pleading contain only a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard

does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544

U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citations omitted).

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to relief that
> is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570. A claim
> has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged. *Id.*, at 556. The plausibility standard
> is not akin to a "probability requirement," but it asks for more than a
> sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a
> complaint pleads facts that are "merely consistent with" a defendant's
> liability, it "stops short of the line between possibility and plausibility of
> 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

As always is the case in the context of ruling upon a motion to dismiss, the

district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal
> Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct. [1991,] 1994
> [(2006)] (stating that on a motion to dismiss, the court must "accept as
> true the factual allegations in the amended complaint"); *Marsh v. Butler
> County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth
> the facts in the case by "[a]ccepting all well-pleaded factual allegations
> (with reasonable inferences drawn favorably to Plaintiffs) in the
> complaint as true").

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006)

(alterations supplied).  Even so,

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  [*Bell Atlantic Corp.*, 550 U.S.] at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).

*Iqbal*, 556 U.S. at 678 (alteration supplied).

## II.  FACTS AS ALLEGED

Plaintiff worked for defendant as an airplane and missile program engineer for twenty-six years, and suffered from complex partial epileptic seizures during the final seven years of his employment.[6]  Although plaintiff was capable of performing the duties of his position, he could not hold a driver's license as a result of his disability.[7]

---

[6] Doc. no. 1-1 (Complaint), at 9.

Complex partial seizures affect a larger area of the brain than simple partial seizures and they affect consciousness.

During a complex partial seizure, a person cannot interact normally with other people, is not in control of his or her movements, speech or actions; doesn't know what he or she is doing; and cannot remember afterwards what happened during the seizure.

*Complex Partial Seizures*, Epilepsy Foundation, http://www.epilepsyfoundation.org/aboutepilepsy/seizures/partialseizures/complexpartial/index.cfm, (last visited July 2, 2013).

[7] Doc. no. 1-1 (Complaint), at 9.

Thus, when plaintiff's job required him to travel, he was escorted by a co-worker.[8]

Plaintiff was hired in 1980 to work at defendant's location in Seattle, Washington.[9] Over the course of his employment with defendant, plaintiff transferred to a factory in another city on three occasions:  first from Seattle to Cheyenne, Wyoming, then from Cheyenne to Ogden, Utah, and finally from Ogden to Huntsville, Alabama.[10]  This action concerns the latter transfer.

Plaintiff accepted a position at defendant's location in Huntsville in August of 2005.[11]  Under the terms of his employment contract, defendant agreed to purchase his residence in Ogden, pay the cost of his relocation to Huntsville, and leave his base salary unchanged.[12]  Upon review, plaintiff's "Relocation Assignment Letter" neither states that his employment is "at will," nor specifies a fixed term of employment.[13]

When defendant offered plaintiff the position, its employees in Ogden and Huntsville were aware that he suffered from complex partial epileptic seizures.[14] Plaintiff informed the Human Resources Department in Huntsville that he recovered

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

[12] *Id.*

[13] *See* doc. no. 1-1 (Complaint), at 12.  The "Relocation Assignment Letter" is docketed as page 12 of plaintiff's complaint.

[14] *Id.* at 6.

from such seizures "within minutes," and that "paramedics need not be notified."[15] Even so, paramedics were called during his seizures on several occasions.[16]

After having several complex partial epileptic seizures, plaintiff contends that he received a call from a Human Resources representative who informed him that he was a "hindrance," and that "a means to have [him] terminated would be found."[17]  On May 21, 2007 (less than 24 months after plaintiff transferred to Huntsville),[18] defendant terminated plaintiff's employment.[19]

## III.  DISCUSSION

### A.    *Res Judicata*

This is plaintiff's *fourth* lawsuit against defendant arising from his termination in 2007.  Plaintiff commenced the action styled *Bennick v. The Boeing Company*, Case No. CV-09-S-335-NE, on February 20, 2009.[20]  He brought claims for "wrongful termination," "unethical business conduct," and "violation of civil rights" following his termination for testing positive during an alcohol screening administered by defendant.[21]

---

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.* (alteration supplied).

[18] *Id.*

[19] Doc. no. 1-1 (Complaint), at 3.

[20] *See* Case No. CV-09-S-335-NE, doc. no. 1 (Complaint).

[21] *See id.*  Although plaintiff did not explicitly assert a cause of action under the ADA, he alleged, among other things, that he has epilepsy, and that his epilepsy affected the results of his alcohol test.  *Id.*

Plaintiff filed an amended complaint in Case No. CV-09-S-335-NE on March 11, 2009.[22]  This time, he brought claims for breach of contract, discrimination, and harassment based on his termination.[23]  This court granted defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), after finding that plaintiff did not state a claim upon which relief could be granted.[24]

The following year, plaintiff commenced two additional lawsuits against defendant, both challenging his termination:  *i.e.*, *Bennick v. The Boeing Company*, Case No. CV-10-S-551-NE; and *Bennick v. The Boeing Company and Grace Thompson*, Case No. CV-10-S-2090-NE.  This court dismissed both cases on *res judicata* grounds.

When dismissing the *second* suit commenced by plaintiff, CV-10-S-551-NE, this court held that "plaintiff's termination from defendant and defendant's communication with plaintiff's subsequent employer, Teledyne Brown Engineering, regarding his alleged substance-abuse problems operate as the factual bases for both actions."[25]  When dismissing the *third* suit commenced by plaintiff, CV-10-S-2090-NE, this court held that, "while plaintiff's claim may be differently

---

[22] *See* Case No. CV-09-S-335-NE, doc. no. 8 (Response to Order).

[23] *See id.*

[24] *See* Case No. CV-09-S-335-NE, doc. no. 9 (Motion to Dismiss); doc. no. 12 (Order Dismissing Case).

[25] Case No. CV-10-S-551-NE, doc. no. 9 (Memorandum Opinion and Order Dismissing Case), at 2.

characterized in this action, the ineluctable truth is that its factual predicates are identical to those underlying the two claims against Boeing are self-evidently barred by *res judicata* and must be dismissed."[26]

On December 1, 2011, plaintiff filed in his *first* case a pleading entitled "Motion to Dismiss decisions imposed in this action and civil actions 5:10-cv-551-CLS [sic] and 5:10-cv-2090-CLS [sic]," which requested the dismissal of all three of his cases against defendant.[27]  One could conclude that plaintiff sought to dismiss his own cases — which, of course, had already been dismissed — to avoid the effects of *res judicata*.  This court denied the motion to dismiss on December 6, 2011, and plaintiff appealed.[28]  The Eleventh Circuit affirmed the denial of the motion to dismiss on January 2, 2013.[29]

The claims in plaintiff's present complaint — the *fourth* case he has commenced against defendant — like the claims in his *second* and *third* cases, are barred by the doctrine of *res judicata* because they arise from the same factual predicate as his prior three cases.  A claim is precluded by prior litigation if (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in

---

[26] Case No. CV-10-S-2090-NE, doc. no 11 (Memorandum Opinion and Order), at 12.

[27] Case No. CV-09-S-335-NE, doc. no. 15 (Motion to Dismiss), at 1.

[28] *See* Case No. CV-09-S-335-NE, doc. no. 16 (Order); doc. no. 17 (Notice of Appeal).

[29] Case No. CV-09-S-335-NE, doc. no. 21 (Order of USCA Affirming Dismissal), at 6.

both cases; and (4) the same cause of action is involved in both cases.  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

"Two cases are the same 'claim' or 'cause of action' 'if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action.'" *Ragsdale*, 193 F.3d at 1240 (holding that a retaliation claim under the False Claims Act was barred because it arose from the same nucleus of operative facts at issue in a prior suit under the qui tam provisions of the Act); *see also O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000) (holding that discrimination claims were barred because they arose from the same employment termination at issue in a prior suit under the Family and Medical Leave Act).

In his present, *fourth* case against defendant, plaintiff's claims are again based on the termination of his employment.  Thus, an observation from this court's opinion granting defendant's motion to dismiss in plaintiff's *second* case applies equally to this case:  "Although plaintiff asserts a different reason for his termination in the present action (retaliation for whistleblowing) based upon a different federal statute, he is contesting the same termination decision."[30]  Accordingly, this court will dismiss plaintiff's claims on *res judicata* grounds.

**B.    Administrative Exhaustion**

Even if plaintiff's claims were not barred by the doctrine of *res judicata*, they

---

[30] *See* Case No. CV-09-S-335-NE, doc. no. 9 (Motion to Dismiss), at 2.

would be due for dismissal because plaintiff has failed to exhaust his administrative remedies. The filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory act is a condition precedent to bringing suit under the ADA. *See* 42 U.S.C. § 2000e-5(e)(1) (requiring a claimant to submit a charge of discrimination to the EEOC within 180 days "after the alleged unlawful employment practice occurred").

"An ADA plaintiff has the burden of proving all conditions precedent to filing suit, including the condition that he timely filed with the EEOC." *Maynard v. Pneumatic Products Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001) (*per curiam*) (internal citation omitted). Plaintiff does not allege that he timely filed a charge of discrimination with the EEOC.[31] Defendant has informed this court that it "was never served with an EEOC charge filed by the plaintiff, and it has no reason to believe that one was filed."[32]

Plaintiff's response to defendant's motion to dismiss does not dispute his alleged failure to file an EEOC charge.[33] The time for filing such a charge based on his termination in May of 2007 has long since passed. Accordingly, plaintiff's claims are also due to be dismissed for failure to exhaust his administrative remedies.

**C.    Warning to Plaintiff Regarding Future Claims Against Defendant**

---

[31] *See* doc. no. 1-1 (Complaint).

[32] Doc. no. 5 (Motion to Dismiss), at 4 n3.

[33] *See* doc. no. 7-1 (Response to Motion to Dismiss).

The Eleventh Circuit has recently admonished that:

> The court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts.

*Riccard v. Prudential Insurance Co. of America*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (citing *Del Pino v. AT&T Information Systems, Inc.*, 921 F. Supp. 761, 765 (S.D. Fla. 1996); *Martin-Trigona v. Lavien*, 592 F. Supp. 1566, 1573 (D. Conn. 1984), *aff'd*, 763 F.2d 140 (2nd Cir. 1985); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *Procup v. Strickland*, 792 F.2d 1069, 1079 (11th Cir. 1986)).

Further, sanctions under Federal Rule of Civil Procedure 11 are proper:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Jones v. International Riding Helmets, Limited*, 49 F.3d 692, 694 (11th Cir. 1995) (internal quotations omitted).[34]

---

[34] Federal Rule of Civil Procedure 11 provides that:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1)     it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

If plaintiff persists in burdening defendant and the judicial system with claims based on the termination of his employment, and thus barred by the doctrine of *res judicata*, plaintiff may be subject to an injunction and Rule 11 sanctions.  *See, e.g., Riccard*, 307 F.3d at 1295 (finding no fault with the scope of an injunction that prohibited a plaintiff from filing any new "action, complaint, or claim for relief" against his former employer without leave of court, because "[t]hree or four lawsuits over one employment relationship is enough") (alteration supplied).

## IV.  CONCLUSION

For all of the reasons addressed above, it is ORDERED that all claims asserted in plaintiff's complaint be, and the same hereby are, DISMISSED with prejudice. Costs are taxed against plaintiff.  The clerk is directed to close this file.

DONE and ORDERED this 8th day of July, 2013.

United States District Judge

---

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).